IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERRY D. AMONS, | ) | No. C 05-3251 JSW (PR) |
| | ) | |
| Petitioner, | ) | **ORDER TO SHOW CAUSE AND** |
| | ) | **GRANTING APPLICATION TO** |
| v. | ) | **PROCEED** *IN FORMA PAUPERIS* |
| | ) | |
| TERESA SCHWARTZ, Warden, | ) | (Docket no. 2) |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## INTRODUCTION

Petitioner, a state prisoner incarcerated at the California Medical Facility at Vacaville, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he seeks leave to proceed *in forma pauperis*. Venue is proper in this district because Petitioner was convicted in Sonoma County. 28 U.S.C. § 2241(d).

## BACKGROUND

According to the allegations in the petition, in 1999 Petitioner pled nolo contendere to a charge of assault by means of force likely to cause great bodily injury. He was sentenced to a term of probation. On January 22, 2004, his probation was revoked and he was sentenced to seven years in state prison, the aggravated term for the crime. In determining the sentence, the state court judge found factors in aggravation based on conduct related both to the crime and to Petitioner's criminal history.

Petitioner states that he appealed the sentence in 2004, and in 2005 the California Court of Appeal affirmed the sentence and the California Supreme Court denied review. Petitioner raises one claim: the trial court violated his right to a trial by jury by increasing his sentence based on factual findings by the judge which were not charged and submitted

to the jury, in contravention of *Blakely v. Washington*, 542 U.S. 296 (2004).

## DISCUSSION

I. <u>Standard of Review</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

II. <u>Legal Claim</u>

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 488-90 (2000). The statutory maximum for *Apprendi* purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; that is, the relevant statutory maximum is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings. *Blakely*, 542 U.S. at 303-04.

Petitioner maintains that his sentence does not comport with *Blakely* because in order to apply the aggravated term the sentencing judge made factual findings in reliance upon facts which were not admitted by Petitioner when he entered his plea of nolo contendere. The Ninth Circuit recently held, however, that *Blakely* announced a new constitutional rule of criminal procedure that does not apply retroactively on habeas review. *Schardt v. Payne*, 414 F.3d 1-25, 1038 (9th Cir. 2005). This means that the *Blakely* decision cannot be applied to Petitioner's claim if the decision was announced after his conviction and sentence became final. *See Teague v. Lane*, 489 U.S. 288, 310-316 (1989).

2

*Blakely* was decided on June 24, 2004. Liberally construing the petition, for the purpose of initial review the Court will assume without deciding that even though Petitioner pled nolo contendere in 1999, his sentence was not appealable until after his probation was revoked on January 22, 2004. A state conviction and sentence generally becomes final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed. *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994). In California, this includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether the petitioner actually files such a petition or not. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Thus, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the conviction and sentence become final ninety days after the California Supreme Court denies review. *See id.*; *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, Petitioner alleges that the California Supreme Court denied review in 2005. Accordingly, it does not appear on the face of the petition that Petitioner is barred from asserting a *Blakely* claim. Therefore, Respondent will be directed to answer the petition.

## CONCLUSION

1. The Clerk shall serve a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an

answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

     4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

     IT IS SO ORDERED.

DATED: January 26, 2006

                                      JEFFREY S. WHITE
                                      United States District Judge