IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY D. AMONS, | No. C05-03251 JSW |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| TERESA SCHWARTZ, Warden | |
| Respondent. | |

## INTRODUCTION

Before the Court is Petitioner Terry D. Amons' ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The Court ordered Respondent to show cause as to why the Petition should not be granted on the basis of Petitioner's cognizable claims. Respondent filed an answer accompanied by a memorandum and exhibits contending that the Petition should be denied. Petitioner did not file a traverse. The matter is submitted. For the following reasons, the Court **DENIES** the petition for a writ of habeas corpus.

## BACKGROUND

On March 7, 1999 Petitioner struck Ryan Munn in the face, breaking his jaw. (*See* Resp.'s Exh. A, Preliminary Hearing Transcript at 4-6, Felony Plea Transcript at 35-36.) On August 30, 1999, Petitioner pleaded no contest to one count of assault by means of force likely to produce great bodily injury, in violation of California Penal Code § 245(a)(1), and

admitted an enhancement for personal infliction of great bodily injury pursuant to California Penal Code § 12022.7(a).  (*See* Resp.'s Exh. A, Felony Plea at 34-36.)  On October 4, 1999, the trial court sentenced Petitioner to seven years in state prison: four years for the assault conviction and three for the enhancement.  (*See id.* at 47-48.)  The Court, however, suspended execution of the sentence and placed Petitioner on formal probation for four years. (*See id.* at 47.)  On January 22, 2004, after a number of probation violations, the trial court lifted the suspension on petitioner's seven-year sentence.  (*See id.* at 67.)

Petitioner then appealed his sentence to the California Court of Appeal.  (*See id.* at 68.)  The California Court of Appeal affirmed Petitioner's sentence in a published opinion. The California Supreme Court denied review.

## LEGAL STANDARD

This Court will entertain a petition for writ of habeas corpus "[o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). However, this Court may not grant a petition with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  *Id.* § 2254(d)(1).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning.  *Williams v. Taylor*, 529 U.S. 362, 407 (2000).  A state court's decision is contrary to federal law if it "failed to apply the correct controlling authority from the Supreme Court."  *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2001) (quoting *Shackleford v. Hubbard,* 234 F.3d 1072, 1077 (2000); *see also Williams*, 529 U.S. at 405–07; *LaJoie v. Thompson*, 217 F.3d 663, 667–68 (9th Cir. 2000).  If a state court directly contravenes a Supreme Court decision on a question of law, or if it reaches a conclusion that contradicts a Supreme Court decision with materially indistinguishable facts, it is contrary to federal law.  *Williams*, 529 U.S. at 413.

A federal court making the "unreasonable application" inquiry in a habeas case should

ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409. The "objectively unreasonable" standard does not equate to "clear error" because "[t]hese two standards . . . are not the same. The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citation omitted). This standard of review, however, does not relieve a federal court from its duty to examine and analyze the state court's application of federal law.

In determining whether the state court's decision is contrary to, or involved an unreasonable application of, clearly established federal law, a federal court looks to the decision of the highest state court to address the merits of a petitioner's claim in a reasoned decision. *LaJoie*, 217 F.3d at 669 n. 7. If constitutional error is found, habeas relief is warranted only if the error had a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Penry v. Johnson*, 532 U.S. 782, 795 (2001) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993)).

## ANALYSIS

Petitioner claims that the trial court violated the principles announced in the United States Supreme Court decision *Blakey v. Washington*, 542 U.S. 296 (2004). (*See* Petition at 8.) Specifically, Petitioner contends that the sentence imposed upon him was based on "circumstances in aggravation" that were not "found true by a jury and beyond reasonable doubt." (*Id.*)

The California Court of Appeal, upon consideration of this claim, held that Petitioner could not "take advantage of the rule announced in *Blakely* years after his sentence became final." *People v. Amons*, 125 Cal. App. 4th 855, 863(2005). The Court of Appeal continued:

> There is no dispute that the new procedural rules for the conduct of criminal prosecutions announced in *Blakely* govern all cases still pending on appeal or not yet final when the opinion was issued. . . . "As to convictions that are already final, however," new procedural rules apply retroactively only in very limited circumstances." (Schriro v. Summerlin, supra, 124 S.Ct. 2519, 2522.).

*Id.* at 863-64. After thorough analysis of the issue, the Court of Appeal held that *Blakely* did not apply retroactively. The Court also noted:

3

> State convictions are final "for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied." . . . An order granting probation is identified in section 1237 as a 'final judgment' for purposes of taking an appeal.

*Id.* at 868-69 (citations omitted). Therefore, the Court of Appeal held that Petitioner's sentence, imposed in October 1999, "became a final judgment long before *Blakely* altered the rules for finding aggravating circumstances and imposing upper term sentences." *Id.* at 868. Furthermore, the Court of Appeal noted:

> Once execution of defendant's sentence commenced, upon revocation of probation the court had no jurisdiction to modify the unexecuted sentence to impose other than the suspended upper prison term. . . . The trial court consequently had no 'power to modify an imposed sentence, long ago final in terms of appealability, execution of which the court had suspended during a probationary period.'"

*Id.* at 869 (quoting *People v. Howard*, 16 Cal. 4th 1081, 1090 (1997)).

Upon review, the Court finds that the Court of Appeal's analysis was not contrary to, or an unreasonable application of, federal law. As the Court of Appeal noted, *Blakely* does not apply retroactively. *See Schardt v. Payne*, 414 F.3d 1025, 1027, 1036, 1038 (9th Cir. 2005). As the Ninth Circuit in *Schardt* explained:

> New procedural rules generally do not apply retroactively, unless they amount to "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. 484, 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990) (quoting *Teague*, 489 U.S. at 311, 109 S.Ct. 1060). To fit within this exception, the rule must be one "without which the likelihood of an accurate conviction is seriously diminished." *Teague*, 489 U.S. at 313, 109 S.Ct. 1060. *Blakely* did not announce a watershed rule of criminal procedure.

*Id.* at 1036. Thus, because *Blakely* announced a new rule under *Teague* and does not apply retroactively, it was not "clearly established" Supreme Court law under 28 U.S.C. § 2254(d)(1) prior to its announcement. *Id.* at 1037. Petitioner, therefore, cannot rely upon *Blakely* to seek relief under § 2254 if his sentence became final before the United States Supreme Court handed down *Blakely*. *See id.*

Here, Petitioner's sentence was imposed in October 1999. As the Court of Appeal held, the order granting Petitioner probation was a final judgment from which Petitioner could have appealed. *See Amons*, 125 Cal. App. 4th at 868-69; Cal. Pen. Code § 1237(a).

4

Petitioner's sentence, therefore, was final prior to *Blakely*, which was decided in June 2004. Petitioner, therefore, is not entitled to habeas relief based on the principles announced in *Blakely*.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus. The Clerk of the Court is directed to close the file.

**IT IS SO ORDERED.**

Dated: May 7, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

AMONS,

    Plaintiff,

  v.

SCHWARTZ et al,

    Defendant.
                                  /

Case Number: CV05-03251 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 7, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Terry D. Amons
V22422
P.O. Box 2000
Vacaville, CA 95696

Dated: May 7, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk